

**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report

## 1879CV00841 Gina Crossetti Personal Representative for the Estate of Robert A. Crossetti, Jr. vs. Cargill, Incorporated

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 11/13/2018 |
| **ACTION CODE:** | B08 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Wrongful Death, G.L.c.229, §2A | | |
| **CASE DISPOSITION DATE** | 11/13/2018 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 11/13/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B - Ct. Rm.4 |

### PARTIES

**Plaintiff**
Gina Crossetti Personal Representative for the Estate of Robert A. Crossetti, Jr.

**Attorney** 564733
Patrick J McHugh
Pellegrini Seeley Ryan And Blakesley P.C.
Pellegrini Seeley Ryan And Blakesley P.C.
1145 Main St
Suite 308
Springfield, MA 01103
Work Phone (413) 785-5300
Added Date: 11/13/2018

**Attorney** 645920
Earlon LaForest Seeley
Pellegrini, Seeley, Ryan & Blakesley, P.C.
Pellegrini, Seeley, Ryan & Blakesley, P.C.
1145 Main St Suite 308
PO Box 30009
Springfield, MA 01103-0009
Work Phone (413) 785-5300
Added Date: 11/13/2018

**Defendant**
Cargill, Incorporated

**Attorney** 673190
Elizabeth Susan Zuckerman
Bulkley Richardson and Gelinas, LLP
Bulkley Richardson and Gelinas, LLP
1500 Main St Suite 2700
PO Box 15507
Springfield, MA 01115-5507
Work Phone (413) 272-6219
Added Date: 11/15/2018

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/13/2018 | Civil Filing Fee (per Plaintiff)<br>Receipt: 19128 Date: 11/14/2018 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/13/2018 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 19128 Date: 11/14/2018 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/13/2018 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 19128 Date: 11/14/2018 | 15.00 | 15.00 | 0.00 | 0.00 |
|  | **Total** | 275.00 | 275.00 | 0.00 | 0.00 |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 11/13/2018 |  | Attorney appearance<br>On this date Earlon LaForest Seeley, III, Esq. added for Plaintiff Gina Crossetti |  |
| 11/13/2018 |  | Attorney appearance<br>On this date Patrick J McHugh, Esq. added for Plaintiff Gina Crossetti |  |
| 11/13/2018 |  | Case assigned to:<br>DCM Track A - Average was added on 11/13/2018 |  |
| 11/13/2018 | 1 | Original civil complaint filed. |  |
| 11/13/2018 | 2 | Civil action cover sheet filed. |  |
| 11/13/2018 |  | Demand for jury trial entered. |  |
| 11/13/2018 |  | Case transferred to another court. |  |
| 11/15/2018 |  | Attorney appearance<br>On this date Elizabeth Susan Zuckerman, Esq. added for Defendant Cargill, Incorporated |  |
| 11/15/2018 | 3 | REMOVED to the U.S. District Court<br><br>Applies To: Zuckerman, Esq., Elizabeth Susan (Attorney) on behalf of Cargill, Incorporated (Defendant) |  |

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
19th day of Nov. 2018
Barbara Holubecki
Deputy Asst. Clerk



# CIVIL ACTION COVER SHEET

DOCKET NUMBER: 18-841

Trial Court of Massachusetts
The Superior Court

**PLAINTIFF(S):** Gina Crossetti, Personal Rep. of the Estate of Robert Crossetti
**ADDRESS:** 94 Holyoke Road, Westfield, MA 01085

**COUNTY:** Hampden

**DEFENDANT(S):** Cargill, Inc.

**ATTORNEY:** Earlon L. Seeley, III, Esq.
**ADDRESS:** Pellegrini, Seeley, Ryan & Blakesley, P.C.
1145 Main Street, P.O. Box 30009, Springfield, MA 01103
T: 413-785-5300 / F: 413-731-0626 / Eseeley@pellegriniseeley.com
**BBO:** 645920

**ADDRESS:** Principal Office: 15407 McGints Road West, Wayzata, MN 55391
Registered Agent: CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

**CODE NO.:** B08
**TYPE OF ACTION (specify):** Wrongful Death
**TRACK:** A
**HAS A JURY CLAIM BEEN MADE?** [X] YES [ ] NO

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............
2. Total doctor expenses ............ $ 5,000.00
3. [chiropractic] expenses ............ $
4. [therapy] expenses ............ $
5. [other] (describe below) ............ $ 10,000.00
   Subtotal (A): $ 15,000.00
[B.] compensation to date ............ $ 105,000.00
[C.] dated ............ $
[D.] medical and hospital expenses ............ $
[E.] ............ $
[F.] [damages] (describe below) ............ $ 2,000,000.00
   $1,000,000.00; wrongful death: $2,000,000.00; punitive damages: [$4,000,000.00]

G. [Brief description of plaintiff's] injury, including the nature and extent of injury:
Crush injuries and pulmonary emboli resulting in death.

**TOTAL (A-F): $ 7,120,000.00**

HAMPDEN COUNTY SUPERIOR COURT FILED NOV 13 2018
[signature] CLERK OF COURTS

A true copy. Attest:
Barbara Holubecki
Deputy Assistant Clerk

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

Signature of Attorney/Pro Se Plaintiff: X [signature]
Date: 11/13/18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]
Date: 11/13/18

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 18 · 841

HAMPDEN COUNTY
SUPERIOR COURT
FILED
NOV 1 3 2018
CLERK OF COURTS

GINA CROSSETTI as PERSONAL     )
REPRESENTATIVE of THE ESTATE of )
ROBERT A. CROSSETTI, JR.,       )
   *Plaintiff*                  )
                                )
v.                              )
                                )
CARGILL, INCORPORATED,          )
   *Defendant*                  )

### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

### PARTIES

1. The plaintiff, Gina Crossetti, is a natural person who resides at 94 Holyoke Road, Westfield, Hampden County, Commonwealth of Massachusetts and is the duly appointed personal representative of the Estate of Robert A. Crossetti, Jr., deceased, who brings this action on behalf of said estate.

2. The defendant, Cargill, Incorporated ("Cargill") is a corporation duly organized under the laws of the State of Delaware with a principal place of business located at 15407 McGints Road, Wayzata, Minnesota and a registered agent within the Commonwealth of Massachusetts of CT Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Commonwealth of Massachusetts, who at all times material to the allegations set forth in this action was engaged in numerous businesses world wide including but not limited to grain and agricultural commodities; steel transport; raising of livestock and production of feed; the production of food ingredients; and the purchase, sale and distribution of road salt throughout the various United States including but not limited to the Commonwealth of Massachusetts.

### GENERAL FACTUAL ALLEGATIONS

3. On November 19, 2014 the now deceased Robert A. Crossetti, Jr. was working within the course and scope of his employment with Salt City, Inc. ("Salt City"), located at 163 Union Street, Westfield, Hampden County, Commonwealth of Massachusetts.

1



4. At the same place and time, Salt City was in the business of receiving road salt product from the defendant, Cargill, where said road salt product was then stockpiled to be further distributed and sold to the surrounding communities for winter road de-icing, application and treatment.

5. At the same place and time, the defendant Cargill did own all of the real property, buildings, fixtures and machinery located at Salt City including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor system.

6. On and before November 19, 2014 the defendant Cargill did exercise oversight, control, superintendence and supervision over the Salt City operation including conducting regular safety inspections of the premises including but not limited to the aforesaid salt conveyor system and "wall stacker" component.

7. On and before November 19, 2014, Cargill by virtue of a safety inspection knew or should have known that there were dangerous and unguarded in running nip points, dangerous and unguarded rotating shafts, nonexistent lock and/or tag out policies and other defects and conditions involving the subject salt conveyor system and "wall stacker" component which posed a foreseeable risk of serious bodily injury or death to persons including but not limited to the now deceased Robert A. Crossetti, Jr.

8. On and before November 19, 2014 the defendant Cargill failed to see to it that the aforesaid defects, dangers and hazards involving the subject salt conveyor system and "wall stacker" component was made reasonably safe, properly guarded and in compliance with all appropriate federal, state and local laws, rules and ordinances.

9. On November 19, 2014 the now deceased Robert A. Crossetti, Jr. was working at the aforesaid salt conveyor system and the "wall stacker" component attempting to clean a known and foreseeable accumulation of salt that had formed on roller when his right arm was pulled into the roller and conveyor belt causing him to suffer serious bodily injury, conscious pain and suffering and death.

10. This matter was previously filed in Hampden County Superior Court (Civil Action No. 1779-CV-00700) on September 29, 2017 and thereafter removed by the Defendant, Cargill, to the U.S. District Court for the District of Massachusetts (Civil Docket #: 3:18-CV-30002).

11. The matter was subsequently dismissed by the U.S. District Court on June 08, 2018 without prejudice. This dismissal was appealed on a timely basis to the United States Court of Appeals for the First Circuit (Docket #: 18-1622).

12. This matter is being re-filed in Hampden County Superior Court pursuant to M.G.L. c. 260, §32, also known as the Massachusetts Savings or Renewal Statute. The Plaintiff has met all conditions precedent for relief under this statute.

## COUNT I - NEGLIGENCE
### BODILY INJURY, CONSCIOUS PAIN AND SUFFERING
(Estate of Robert A. Crossetti, Jr. v. Cargill, Incorporated)

13. The plaintiff realleges all of the previous paragraphs of this Complaint and incorporates them by reference into this Count.

14. At the same place and time the defendant Cargill did negligently and carelessly own, maintain, oversee, superintend, supervise and control the aforesaid Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor system; did negligently and carelessly fail to properly and adequately inspect the Salt City premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker component"; did negligently and carelessly fail to investigate and review the Salt City operating and safety procedures relating to the operation and maintenance of the subject premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker" component; did negligently and carelessly fail to follow up on the results of its own safety inspections and recommendations for the implementation of safety improvements, practices, and machine guarding regarding the aforesaid Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor system; and did therefore negligently and carelessly allow and permit unnecessary dangerous conditions to exist on its Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor thereby exposing users of the premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of salt conveyor to the foreseeable risk of serious bodily injury and harm, did negligently and carelessly fail to comply with all applicable federal, state and local laws and ordinances, and was otherwise negligent to be further shown by the evidence.

15. As a direct and proximate result of the defendant Cargill's negligence, the now deceased Robert A. Crossetti, Jr. was caused and permitted to become entangled and caught in an unguarded unreasonably dangerous in running nip point of the subject "wall stacker" component of the aforesaid salt conveyor system where he suffered serious crushing and traumatic bodily injury as he was pulled into the machine and suffered conscious pain of body and mind prior to his death.

WHEREFORE, the plaintiff demands judgment against the defendant, Cargill, Incorporated, for an amount reasonable according to the evidence as the Court deems appropriate, together with interest and costs.

## COUNT II - WRONGFUL DEATH
### (Estate of Robert A. Crossetti, Jr. v. Cargill, Incorporated)

16. The plaintiff realleges all of the preceding paragraphs of this Complaint and incorporates them by reference into this Count.

17. At the same place and time the defendant Cargill did negligently and carelessly own, maintain, oversee, superintend, supervise and control the aforesaid Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor system; did negligently and carelessly fail to properly and adequately inspect the Salt City premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker component"; did negligently and carelessly fail to investigate and review the Salt City operating and safety procedures relating to the operation and maintenance of the subject premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker" component; did negligently and carelessly fail to follow up on the results of its own safety inspections and recommendations for the implementation of safety improvements, practices, and machine guarding regarding the aforesaid Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor system; and did therefore negligently and carelessly allow and permit unnecessary dangerous conditions to exist on its Salt City premises, property, buildings, fixtures, and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of said conveyor thereby exposing users of the premises, property, buildings, fixtures and machinery including but not limited to the subject salt conveyor system and "wall stacker" component of salt conveyor to the foreseeable risk of serious bodily injury and harm, did negligently and carelessly fail to comply with all applicable federal, state and local laws and ordinances, and was otherwise negligent to be further shown by the evidence.

18. As a direct and proximate result of the defendant Cargill's negligence, the now deceased Robert A. Crossetti, Jr. was caused and permitted to become entangled and caught in an unguarded unreasonably dangerous in running nip point of the subject "wall stacker" component of the aforesaid salt conveyor system where he suffered serious crushing and traumatic bodily injury as he was pulled into the machine and suffered conscious pain of body and mind prior to his death.

19. As a direct and proximate result of the wrongful death of Robert A. Crossetti, Jr., the plaintiff, Gina Crossetti as Personal Representative of the Estate of Robert A. Crossetti, Jr. seeks recovery of monetary damages pursuant to M.G.L.c.229,§2 including compensation for the reasonable funeral and burial expenses of the decedent, the fair monetary value of the decedent including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to recover such damages.

20. The plaintiff also seeks punitive damages as permitted by M.G.L.c.229, §2 as the defendant's conduct causing the death of Robert A. Crossetti, Jr. was wilful, wanton and reckless and/or grossly negligent.

WHEREFORE, the plaintiff demands judgment against the defendant, Cargill, Incorporated, for an amount reasonable according to the evidence as the Court deems appropriate, together with interest and costs.

**THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES.**

FOR THE PLAINTIFF,
*Gina Crossetti as Personal Representative of the Estate of Robert A. Crossetti, Jr.*,
By Her Attorneys

Earlon L. Seeley, III, Esq.
BBO # 645920
Patrick J. McHugh, Esq.
BBO#564733
Pellegrini, Seeley, Ryan & Blakesley, P.C.
1145 Main Street, Suite 308
P.O. Box 30009
Springfield, MA 01103-0009
Tel. No.:   413-785-5300
Fax No.:    413-731-0626
Eseeley@pellegriniseeley.com
Pmchugh@pellegriniseeley.com



A true copy.
Attest:
Barbara Holubecki
Deputy Assistant Clerk

5